# United States Court of Appeals
## For the First Circuit

No. 15-1234

UNITED STATES OF AMERICA,

Appellee,

v.

ENGLIS PÉREZ, t/n ENGLIS EDUARDO PÉREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Kayatta, Selya and Stahl,
Circuit Judges.

Michael R. Hasse on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

April 22, 2016

**SELYA**, **Circuit Judge**.  This sentencing appeal embodies four discrete claims of error.  Having scrutinized these claims in light of the record as a whole, we affirm the appellant's sentence.

## I.  BACKGROUND

The critical facts are largely uncontested.  Defendant-appellant Englis Pérez, a Dominican national, journeyed to Venezuela in early 2014 to undertake a cocaine-smuggling venture.  Shortly after midnight on March 4, 2014, federal authorities intercepted a 30-foot speedboat — operating without lights, powered by two outsized outboard engines, and equipped with 23 extra fuel tanks — that had left port in Venezuela and was approaching the coast of Puerto Rico.  The vessel was carrying 38 bales, which contained in the aggregate approximately 1,056 kilograms of cocaine.

Only two persons were aboard the vessel when it was intercepted: the appellant and an individual later identified as Gregorio Rodríguez.  A federal grand jury sitting in the District of Puerto Rico returned a six-count indictment against the pair, charging them with conspiracy to import 5 or more kilograms of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960, and 963 (count 1); conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 2); aiding and abetting in the possession with intent to distribute 5 kilograms or more of

cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (count 3); aiding and abetting in the importation of 5 kilograms or more of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 952 and 960 (count 4); conspiracy to possess with intent to distribute 5 or more kilograms of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70502(c)(1)(D), 70503(a)(1), 70504(b)(1) and 70506(a) and (b) (count 5); and aiding and abetting in the possession with intent to distribute 5 kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2 and 46 U.S.C. §§ 70502(c)(1)(D), 70503(a)(1), 70504(b)(1) and 70506(a) (count 6). Although the appellant originally maintained his innocence, he shortly entered a straight guilty plea to all six counts of the indictment.

Following the preparation of a presentence investigation report and some related skirmishing, the district court convened the disposition hearing on January 27, 2015. The November 2014 edition of the sentencing guidelines controlled. See United States v. Harotunian, 920 F.2d 1040, 1041-42 (1st Cir. 1990). The court calculated the appellant's guideline sentencing range (GSR) as 135-168 months and imposed a sentence at the bottom of that range: 135 months. This timely appeal ensued.

**II.  ANALYSIS**

In this case, the appellant challenges both the procedural underpinnings and the substantive reasonableness of his sentence.  Overall, claims of sentencing error are reviewed for abuse of discretion.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  With respect to procedural claims, however, the abuse-of-discretion standard of review is not monolithic.  Within it, "we assay the district court's factfinding for clear error and afford de novo consideration to its interpretation and application of the sentencing guidelines."  United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013).

Against this backdrop, we turn to the appellant's asseverational array.  Because a reviewing court, in the sentencing context, should first address claims of procedural error, see Martin, 520 F.3d at 92, we start there.

### A.  **Mitigating Role.**

The appellant asserts that the district court committed procedural error when it refused to reduce his GSR to compensate for the appellant's role in the offense.  This claim was preserved below and, thus, our review is for clear error.  See United States v. Garcia, 954 F.2d 12, 16 (1st Cir. 1992).

USSG §3B1.2(b) provides for reducing a defendant's base offense level by two levels if the defendant was a minor

- 4 -

participant in the criminal activity.  The appellant argues that he was entitled to the benefit of this adjustment,[1] which would have lowered his GSR (and, presumably, his sentence).  We do not agree.

A defendant who seeks a mitigating role adjustment bears the burden of proving, by a preponderance of the evidence, that he is entitled to the downward adjustment.  See United States v. Vargas, 560 F.3d 45, 50 (1st Cir. 2009).  "To qualify as a minor participant, a defendant must prove that he is both less culpable than his cohorts in the particular criminal endeavor and less culpable than the majority of those within the universe of persons participating in similar crimes."  United States v. Torres-Landrúa, 783 F.3d 58, 65 (1st Cir. 2015) (quoting United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004)).  Here, we need go no further than the first prong of this two-part test.

Role-in-the-offense determinations are notoriously fact-specific.  See United States v. Meléndez-Rivera, 782 F.3d 26, 28 (1st Cir. 2015); United States v. Rosa-Carino, 615 F.3d 75, 81 (1st Cir. 2010).  In this instance, the district court explicitly found, as a matter of fact, that the two participants in the smuggle (the appellant and Rodríguez) were "equally culpable."

---

[1] The appellant originally sought a four-level decrease in his offense level arguing that his role in the offense was no more than minimal.  See USSG §3B1.2(a).  However, he abandoned that position below.

This finding is not clearly erroneous: the two men traveled first to Colombia and then to Venezuela, specifically to undertake the unlawful voyage; they shared the work at sea en route to Puerto Rico; and the appellant's special skill set as a mechanic was essential to the success of the venture. The fact that Rodríguez was deemed the "captain" of the craft does not undermine the sentencing court's finding that they were equal partners in the criminal activity. See, e.g., United States v. Bravo, 489 F.3d 1, 11 (1st Cir. 2007).

We have said before that "absent a mistake of law, battles over a defendant's status . . . will almost always be won or lost in the district court." United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995). This case is no exception.

In an effort to blunt the force of this reasoning, the appellant advances two arguments. First, he says that "the district court summarily declined to grant the [minor role] adjustment without outlining any reasoning for its decision." This statement is simply wrong: the district court entertained extensive argument on this very point and explained its reasoning in some detail. The court mentioned the large quantity of drugs, the trust that the drug owners obviously placed in the appellant, and the appellant's expertise in "how to handle the boat." That the appellant resists the district court's explanation for the

"equal culpability" finding is not a basis for holding that the finding is unexplained.

The appellant also makes a hierarchical argument. He submits that he is a minor participant in the criminal activity, broadly defined, because he played a bit part when compared to those unidentified individuals who "owned" the drugs and those unidentified individuals who presumably were prepared to distribute them in the United States.

This argument is unavailing. When two persons undertake to transport by themselves a large quantity of drugs in a long and hazardous voyage at sea, it is not clear error for a sentencing court to regard each as a principal and refuse to grant any mitigating role adjustment.[2] See United States v. Zakharov, 468 F.3d 1171, 1181 (9th Cir. 2006); United States v. Coneo-Guerrero, 148 F.3d 44, 50-51 (1st Cir. 1998).

That ends this aspect of the matter. Where there is more than one plausible view of the circumstances, "the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990).

---

[2] Here, moreover, the district court's choice to define the criminal activity narrowly was consistent with the indictment, which focused on the voyage and the interception of the vessel. Consistent with this focus, the facts of record do not deal either with the provenance of the drugs or with the ultimate plans for their retail distribution.

## B. <u>Failure to Explain.</u>

Congress has directed every sentencing court to "state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c).  Though the court's explanation need not "be precise to the point of pedantry," <u>United States</u> v. <u>Turbides-Leonardo</u>, 468 F.3d 34, 40 (1st Cir. 2006), the explanation given should "identify the [relevant] factors driving [the sentencing] determination." <u>United States</u> v. <u>Sepúlveda-Hernández</u>, ___ F.3d ___, ___ (1st Cir. 2016) [No. 15-1293, slip op. at 5]; <u>see</u> <u>United States</u> v. <u>Ruiz-Huertas</u>, 792 F.3d 223, 226-27 (1st Cir.), <u>cert.</u> <u>denied</u>, 136 S. Ct. 258-59 (2015).

The appellant argues that the court below forsook this duty.  Since the appellant did not preserve any such claim of error in the district court, our review is for plain error.  <u>See</u> <u>United States</u> v. <u>Montero-Montero</u>, ___ F.3d ___, ___ (1st Cir. 2016) [No. 15-1405, slip op. at 3].  To establish plain error, an appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." <u>United States</u> v. <u>Duarte</u>, 246 F.3d 56, 60 (1st Cir. 2001).

The appellant's argument is puzzling.  He alleges, without qualification, that "the district court failed to explain its reasons for the 135-month sentence it imposed."  Yet, the

sentencing transcript belies this allegation. The court explicitly stated that "[t]he guideline computations satisfactorily reflect the components of this offense by considering its nature and circumstances. . . ." The court went on to note that it had "considered the other sentencing factors set forth in Title 18, U.S. Code [§] 3553." The court also referred to the appellant's "personal history and characteristics . . . as well as . . . the nature of the circumstances under which [he] was hired to perform this job."

After alluding to the "elements of the offense and [the appellant's] participation in the same," the court stated that it was taking into account "the need to promote respect for the law, protect the public from further crimes by defendant, the need to address issues of deterrence and punishment, as balanced together with the personal history and characteristics of defendant." In the end, the court concluded "that a sentence in this case at the lower end of the guideline range would be a sentence that is just and not greater than necessary."

Where, as here, the court imposes a sentence that comes within the GSR, "the burden of adequate explanation is lightened." Montero-Montero, slip op. at 4. We hold that the court's explanation was sufficient to satisfy this lightened burden and to explicate its within-the-range sentence. There was no error, plain or otherwise.

## C.  National Disparity.

Citing 18 U.S.C. § 3553(a)(6), the appellant next argues that his sentence was "disproportionate to others found guilty of the same or similar conduct."  This argument is unpersuasive.

Section 3553(a)(6) instructs a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  This provision is aimed, generally, at the minimization of sentencing disparities among defendants nationwide.  See Martin, 520 F.3d at 94.  Because the appellant did not raise this claim of error below, our review is for plain error.  See Duarte, 246 F.3d at 60.

We see nothing resembling plain error here.  The appellant presents this argument in hortatory terms without developing any relevant factual foundation.  The lack of developed argumentation is fatal to the claim.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

## D.  Substantive Reasonableness.

The appellant's last claim of error targets the substantive reasonableness of his sentence.  The standard of review is murky.  See Ruiz-Huertas, 792 F.3d at 228 & n.4 (noting uncertainty about whether a claim that a sentence is substantively

unreasonable must be preserved below).  Rather than resolving the question, we assume — favorably to the appellant — that our review of this claim is for abuse of discretion.  Even so, the appellant's challenge fails.

A sentence will survive a challenge to its substantive reasonableness as long as it rests on a "plausible sentencing rationale" and reflects a "defensible result."  Martin, 520 F.3d at 96.  "A challenge directed at substantive reasonableness is usually a heavy lift, and reversal is 'particularly unlikely when . . . the sentence imposed fits within the compass of a properly calculated [guideline sentencing range].'"  Ruiz-Huertas, 792 F.3d at 228-29 (quoting United States v. Vega-Salgado, 769 F.3d 100, 105 (1st Cir. 2014) (omission and alteration in original)).

So it is here: as recounted above, the district court articulated an eminently plausible rationale for the sentence.  Moreover — given the parameters of the GSR, the large quantity of drugs involved, and the appellant's vital role in the smuggle — a 135-month sentence is defensible.

The appellant's main argument in support of his plaint that his sentence is substantively unreasonable is that his coconspirator, Rodríguez, received a much lighter sentence (48 months).[3]  But at the time the appellant was sentenced — January

---

[3] Although the appellant's briefs assert that Rodríguez was sentenced to 46 months' imprisonment, the court docket indicates

27, 2015 — Rodríguez's case was still pending. Rodríguez was not sentenced until March 10, 2015, roughly six weeks <u>after</u> the appellant was sentenced. The fact that the disparity argument, as made to us, could not have been made to the sentencing court creates a curious anomaly. <u>Cf.</u> <u>Cahoon</u> v. <u>Shelton</u>, 647 F.3d 18, 29 (1st Cir. 2011) (warning that a party cannot expect to obtain relief from an appellate court that he never sought in the trial court); <u>Beaulieu</u> v. <u>U.S. IRS</u>, 865 F.2d 1351, 1352 (1st Cir. 1989) (same).

Here, however, we need not grapple with this anomaly. That the appellant and Rodríguez received different sentences tells us nothing about which of those sentences varies from the norm; and the limited record available to us suggests that there are reasons why a sentencing judge could have seen the two situations as quite different.[4] These uncertainties, taken together, preclude any finding that the appellant's within-guidelines sentence is substantively unreasonable.

---

that Rodríguez was sentenced to 48 months. <u>See</u> <u>United States</u> v. <u>Rodríguez</u>, Crim. Case No. 3:14-cr-00182 (D.P.R. Mar. 10, 2015).

[4] Unlike the appellant, Rodríguez pleaded guilty to only a single count of the indictment; he did not enter a straight plea but, rather, pleaded guilty pursuant to a negotiated plea agreement (the terms of which are not summarized in the appellant's brief or elsewhere in the sentencing record); and there is some indication in the record that Rodríguez may have been experiencing medical complications that influenced the duration of his sentence.

**III.  CONCLUSION**

We need go no further.  For the reasons elucidated above, the appellant's sentence is


**Affirmed.**