# United States Court of Appeals
## For the First Circuit

No. 16-1342

UNITED STATES OF AMERICA,

Appellee,

v.

FREDDY CORTEZ-VERGARA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Barron, Circuit Judges.

Xiomara M. Hernandez on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

October 17, 2017

**HOWARD**, **Chief Judge**.  After pleading guilty to maritime drug and conspiracy offenses, Freddy Cortez-Vergara was sentenced to a bottom-of-the-range guidelines sentence of 108 months' incarceration.  He now challenges his sentence on the ground that the sentencing court erred by not granting him a minor role adjustment under U.S.S.G. §3B1.2(b).  Finding Cortez's argument meritless, we affirm.

## I.

Because Cortez pled guilty, we draw the facts from the change-of-plea and sentencing hearing transcripts and the Presentence Investigation Report's ("PSR") uncontested portions.  See United States v. Rossignol, 780 F.3d 475, 476 (1st Cir. 2016).

Prior to his arrest, Cortez worked as a fisherman in Ecuador.  Cortez met with a man named "Abraham," another local fisherman, who offered Cortez $2,000 to join the crew of one of Abraham's vessels on a trip to Guatemala.  Cortez and two other crew members set out from Ecuador in January 2015 on Abraham's thirty-foot boat.  One of the two men served as the boat's captain, the other was the boat's mariner, and Cortez helped steer the boat.

The crew voyaged approximately 200 nautical miles to rendezvous at sea with Abraham, who was aboard another vessel.  Abraham supplied the crew with cocaine bales and fuel containers.  The three-person crew then continued for approximately 400 miles before the Coast Guard intercepted the boat about 291 miles south

of the Guatemala-El Salvador border.  Shortly before the Coast Guard boarded the vessel, Cortez and his confederates realized that they were being tracked and started throwing the cocaine bales and excess fuel tanks overboard.  When it apprehended the crew, the Coast Guard determined that the vessel was without nationality and thus subject to United States jurisdiction.  46 U.S.C. § 70502(c)(1)(A).  About 433 kilograms of cocaine were recovered from the scene.

Cortez and the two other men were brought to Puerto Rico, where, in February 2015, a grand jury indicted them on two counts. The first count alleged that the three men conspired to possess with the intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 705031(a)(1), 70504(b)(1) and 70506(a) and (b).  The second count alleged that the men possessed, and aided and abetted the possession, with the intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 705031(a)(1), 70504(b)(1) and 70506(a) and (b).  Cortez entered an unconditional guilty plea in October 2016.

At sentencing, Cortez contested the PSR's recommendation that he be denied a two-level downward minor role adjustment under U.S.S.G. §3B1.2(b).  Cortez claimed that he played a minor role because he "was only a small part of" an "overall very large

conspiracy." Agreeing with the PSR's recommendation, the district court denied Cortez's request on the ground that Cortez was responsible for transporting 433 kilograms of cocaine across the ocean. The court sentenced Cortez to a bottom-of-the-range guidelines sentence of 108 months. After being sentenced, Cortez seasonably filed this appeal.

## II.

We apply an abuse of discretion standard of review to procedural challenges to sentences. United States v. Coleman, 854 F.3d 81, 84-85 (1st Cir. 2017). Within this framework, we review the district court's conclusions of law de novo and its findings of fact for clear error. Rossignol, 780 F.3d at 477. And because "[r]ole in-the-offense determinations are notoriously fact-specific," "absent a mistake of law," we will only reverse the district court's decision if it is clearly erroneous. United States v. Perez, 819 F.3d 541, 545-46 (1st Cir. 2016)(internal citations omitted). Because a district court's choice between multiple permissible inferences cannot be clearly erroneous, we will "rarely reverse[] a district court's decision regarding whether to apply a minor role adjustment." United States v. Bravo, 489 F.3d 1, 11 (1st Cir. 2007) (citing United States v. Tom, 330 F.3d 83, 95 (1st Cir. 2003)).

A defendant seeking a minor role adjustment under U.S.S.G. §3B1.2(b) must demonstrate by a preponderance of the

evidence that: (1) they are less culpable than their co-conspirators or accomplices; and (2) they are less culpable than "most of those who have perpetrated similar crimes." United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005). Overcoming an adverse minor role decision is a difficult burden for a defendant to meet on appeal, for the district court's determination is, as noted, "invariably fact-specific and, thus, appellate review of such a determination is respectful." United States v. Meléndez-Rivera, 782 F.3d 26, 28 (1st Cir. 2015).

"[A] defendant need not be the key figure in a conspiracy in order to be denied a mitigating role-in-the-offense adjustment." See id. at 29. In Meléndez-Rivera, we rejected a drug-smuggler's argument that he played a minor role simply because he characterized himself "as an 'expendable cog' in the venture" and because he was not the conspiracy's leader. Id. Similarly, we upheld the denial of a minor role adjustment where the defendant's sole role was hauling a single shipment of thirty kilograms of cocaine by truck. United States v. Vargas, 560 F.3d 45, 50 (1st Cir. 2009).

Moreover, in United States v. Perez, we recently rejected a defendant's argument that he was a minor participant in a nautical narcotics-smuggling scheme because he merely assisted in transporting drugs across the sea. 819 F.3d at 545-46. Similar to Cortez, the defendant in Perez also protested that "he played

a bit part" compared to the drugs' owners and U.S. distributors. We rejected those claims because "[w]hen two persons undertake to transport by themselves a large quantity of drugs in a long and hazardous voyage at sea, it is not clear error for a sentencing court to regard each as a principal and refuse to grant any mitigating role adjustment."  Id. at 546.

Perez controls this case.  Like the defendant in Perez, Cortez asserts that he is entitled to a minor role adjustment because he only assisted in transporting the drugs across the sea. Here, Cortez helped steer the vessel and he was one of just three crew members who, by themselves, and otherwise unsupervised, moved a large quantity of drugs hundreds of miles over the Eastern Pacific Ocean.  Accordingly, the district court's determination that Cortez was not less culpable than his codefendants or the average seafaring drug smuggler falls far short of clear error. Therefore, the district court did not abuse its discretion when it declined to assign to Cortez a two-level downward minor role adjustment under U.S.S.G. §3B1.2(b).

## III.

For the foregoing reasons, we **AFFIRM** Cortez's sentence.