# United States Court of Appeals
## For the First Circuit

No. 18-1732

UNITED STATES OF AMERICA,

Appellee,

v.

KEVIN JONIEL MÉNDEZ-BÁEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Kayatta and Barron, Circuit Judges.

Yassmin Gonzalez-Velez and Gonzalez Velez Law Offices, PSC on brief for appellant.

Julia M. Meconiates, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

June 17, 2019

**HOWARD**, **Chief Judge**.  Appellant Kevin Joniel Méndez-Báez appeals his incarcerative sentence of 60 months, 19 months above the upper end of the advisory guidelines sentencing range.  He argues that the district court erred procedurally in not considering all of the 18 U.S.C. § 3553(a) factors and substantively in imposing too harsh a sentence.  After careful review, we affirm.

## I. BACKGROUND

On August 24, 2017, Puerto Rico police pulled over a car after observing its apparently illegal window tint.  The driver, Méndez, produced a learner's driving permit and told an officer that he did not have the car's registration information.  While inspecting the vehicle's registration window decal, an officer observed an extended ammunition magazine attached to a firearm on the floor of the passenger side of the car.  The police ordered Méndez and his passenger, Jorge Roberto Rivera-Báez, out of the vehicle.  Neither Méndez -- who had been serving a term of probation for a prior felony conviction -- nor Rivera had a firearms permit.  The officers placed the two men under arrest and searched the vehicle, discovering that the firearm was a .40 caliber Model 23 Glock pistol with an extended 29-round magazine attached, loaded with 22 rounds of ammunition.  The police also found two fully loaded 13-round magazines.  The pistol had a chip that modified it to fire as a fully automatic weapon.  After

- 2 -

running the license plates through their database, the officers learned that the car had been flagged as "disappeared" by a financial institution. At the station, Rivera -- the passenger -- stated that the pistol, the magazines, and the car belonged to him.

A grand jury charged Méndez with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). He pled guilty. The pre-sentence report (PSR) prepared by the probation office determined that Méndez's total offense level (TOL) was 19 and his criminal history category (CHC) was II, because of his previous convictions for attempted murder and related firearm offenses and because he committed the instant offense while serving a term of probation. Méndez's guidelines sentencing range (GSR) was calculated to be 33 to 41 months.

In his sentencing memorandum, Méndez argued for a sentence at the low end of the GSR, noting that Rivera had admitted ownership of the gun, ammunition, and the car, that he had long suffered from an often-untreated psychological condition, and that he was simply in the "wrong place with the wrong person at the wrong time." The government, meanwhile, argued for a sentence at the upper end of the GSR, highlighting that Méndez was the driver of the car that had been flagged as disappeared, that he committed the instant offense while on probation for attempted murder and

related firearms offenses, and that his prior sentence of probation had not deterred Méndez from criminal activity.

The district court accepted the PSR's calculated GSR. The judge stated that he had considered the 18 U.S.C. § 3553(a) factors and the sentencing memorandum filed by Méndez. The court focused particularly on the fact that the firearm was modified to be fully automatic, explaining that "[s]hort of bombs, missiles, and biochemical agents, we can conceive of few weapons that are more dangerous than machine guns," and that such weapons "are not typically possessed by law-abiding citizens for lawful purposes." The court also noted Méndez's age, education, unemployment, history of mental health treatment, and lack of substance abuse history. The court concluded that an above-guidelines sentence was warranted and sentenced Méndez to 60 months' imprisonment. Méndez made no objection to his sentence at the time it was imposed, but subsequently filed this appeal.

## II. ANALYSIS

Méndez argues on appeal that the district court committed procedural error by failing to consider critical factors in sentencing. He further argues that his variant sentence was substantively too harsh. Neither of these challenges is meritorious.

**A.**

A generous reading of Méndez's brief suggests a procedural challenge to his sentence based on the district court's alleged failure to consider certain salient factors, specifically: (1) his early acceptance of responsibility for his actions and (2) the fact that Rivera, the passenger, admitted to owning the firearm, ammunition, and the car. Méndez failed to lodge these objections below. When a party has not preserved the procedural issues raised on appeal by objecting in the district court, we review only for plain error. See United States v. González-Barbosa, 920 F.3d 125, 128 (1st Cir. 2019). This requires that Méndez show (1) that an error occurred, (2) which was clear or obvious, and which not only (3) affected his substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of the judicial proceedings. Id. Méndez has not made such a showing.

Although the sentencing court must consider all the § 3553(a) factors, see United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008), it need not verbalize its evaluation of each factor, United States v. Reyes-Rivera, 812 F.3d 79, 89 (1st Cir. 2016). Moreover, "the fact that the court stated that it had considered all the section 3553(a) factors is entitled to some weight." United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010). Here, contrary to Méndez's implication, the district

- 5 -

court explicitly considered his early acceptance of responsibility and accordingly granted him a three-level reduction in his TOL on that basis. Moreover, the district court stated that it had considered the § 3553(a) factors and had considered Méndez's sentencing memorandum. The sentencing memorandum detailed all of the mitigating factors highlighted by Méndez, including Rivera's admission of ownership of the firearm, ammunition, and the car. "A criminal defendant is entitled to a weighing of the section 3553(a) factors that are relevant to [his] case, not to a particular result." Id. at 49 (alteration in original) (quoting United States v. Carrasco-De-Jesús, 589 F.3d 22, 29 (1st Cir. 2009)). There being no clear or obvious error in the sentencing court's explication of the factors that it considered, Méndez's procedural challenge fails.

**B.**

Méndez also argues that his sentence is substantively unreasonable because it is too harsh given the totality of the circumstances surrounding his offense and conviction. He urges us to reconsider the weighing of various sentencing factors, including those mentioned above, his tumultuous family life during his childhood, his remorse, and the fact that his crime was victimless.

Méndez did not preserve this challenge below. It remains unclear whether we review unpreserved claims of substantive

unreasonableness in sentencing for abuse of discretion or plain error.  See United States v. Reyes-Gomez, No. 17-1757, slip op. at 5-6, n.3 (1st Cir. June 11, 2019) (noting that the Supreme Court recently granted certiorari on the issue in Holguin-Hernandez v. United States, No. 18-7739 (June 3, 2019)).  We find no occasion to address this question, for even under the more favorable abuse of discretion standard, see United States v. Rondón-García, 886 F.3d 14, 26 (1st Cir. 2018), Méndez's challenge fails.

Although the court imposed an upwardly variant sentence, under abuse of discretion review the sentence "will survive a challenge to its substantive reasonableness as long as it rests on a 'plausible sentencing rationale' and reflects a 'defensible result.'"  United States v. Pérez, 819 F.3d 541, 547-48 (1st Cir. 2016) (quoting Martin, 520 F.3d at 96).  The instant sentence exceeded the top of the GSR by 19 months.  "[W]e have recognized that the greater the extent of a variance, 'the more compelling the sentencing court's justification must be.'"  United States v. de Jesús, 831 F.3d 39, 43 (1st Cir. 2016) (quoting United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014)).

Here, the court adequately justified the sentence through plausible reasoning, relying on various § 3553(a) factors and Méndez's sentencing memorandum.  The court specifically noted the danger and destructive potential of automatic weapons.  It also relied on a need for heightened deterrence, given that Méndez

committed the instant offense while on probation for other offenses. In these situations, we afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." de Jesús, 831 F.3d at 42 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Therefore, Méndez cannot show that the sentencing court abused its discretion and we must reject his challenge.

### III. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is hereby **AFFIRMED.**