**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 23-1163

UNITED STATES,

Appellee,

v.

JORGE FLORES-ÁLVAREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Gelpí, Thompson, and Aframe,
Circuit Judges.

Héctor Sueiro-Álvarez, Research & Writing Specialist, with whom Rachel Brill, Federal Public Defender, District of Puerto Rico, Héctor L. Ramos-Vega, Interim Federal Public Defender, District of Puerto Rico, and Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Section, were on brief, for appellant.

Ricardo A. Imbert-Fernández, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

May 12, 2025

**THOMPSON, Circuit Judge.** A routine luggage inspection at Luis Muñoz Marín International Airport, Puerto Rico unearthed just over 8 kilograms of cocaine in a checked bag heading for Philadelphia. The individual who toted the bag, Jorge Flores-Álvarez ("Flores"), was interdicted by Homeland Security Investigations Task Force Officers at the airport, arrested, and later pleaded guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). During the sentencing process, Flores sought and argued for a mitigating role adjustment under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"). The district court denied Flores's request and imposed a sentence without it.[1]

Flores now challenges the procedural reasonableness of the district court's sentencing determination -- namely, its denial of a mitigating role adjustment, which Flores says constituted a misinterpretation of the applicable law.[2] For the reasons we explain below, we agree with Flores. Writing primarily

---

[1] Flores was sentenced to 57 months' imprisonment.

[2] Flores raises other arguments on appeal; however we address only what is necessary for our limited analysis today as the claims relate substantially to one another, and we do not express a view on any remaining appellate contentions.

for the parties (who are familiar with the background facts,[3] procedural history, and arguments presented), and applying a multi-faceted abuse of discretion standard of review, see United States v. Mendoza-Maisonet, 962 F.3d 1, 20 (1st Cir. 2020),[4] we vacate and remand for resentencing.

## DISCUSSION

Before unpacking some of the alleged analytical missteps Flores says the district court committed, we briefly survey Flores's mitigating role argument and how the district court approached its analysis. Flores -- a self-described one-time drug courier with little knowledge of the drug-trafficking scheme -- sought a role adjustment because, as he put it, his "part in committing the offense . . . [made] him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A); see also United States v. Walker, 89 F.4th 173, 185-86 (1st Cir. 2023) (citations omitted) (describing the culpability standard for a mitigating role adjustment). On

---

[3] Because Flores pleaded guilty, the handful of facts we provide along the way come from the plea agreement, the change-of-plea colloquy, the presentence investigation report, and the transcript of the disposition hearing. United States v. Lessard, 35 F.4th 37, 40 (1st Cir. 2022) (citation omitted).

[4] Under this standard, we review the district court's interpretation and application of the Sentencing Guidelines de novo, its factfinding for clear error, and its exercise of judgment for abuse of discretion. United States v. Guía-Sendeme, 134 F.4th 611, 616 (1st Cir. 2025) (citing Mendoza-Maisonet, 962 F.3d at 20).

- 4 -

this point, Flores urged the district court to identify all the participants in the relevant criminal activity charged. Specifically, he asked the court to consider any individual within the universe of likely participants that took a step in furtherance of this specific drug-trafficking conspiracy. Without a proper tally of the participants (Flores said), the district court could not properly compare Flores's culpability to that of the average participant.

In ruling against Flores on his motion, the district court examined U.S.S.G. § 3B1.2 and relied upon this circuit's guiding precedent in United States v. Arias-Mercedes, 901 F.3d 1 (1st Cir. 2018). After quoting Arias-Mercedes (specifically a passage tailoring the mitigating role analysis to a particular drug shipment (which ensnared the defendant there), as opposed to a "larger conspiracy" (hinted at in the procedural backdrop there)), the district court, tracking the Arias-Mercedes analysis, briefly homed in on Flores's admitted involvement in transporting this particular drug shipment from Puerto Rico to Philadelphia, and did so to the exclusion of other potential culprits who may have been involved in a grander drug enterprise. To quote the district court's chief determinant factor in denying Flores's request, he "might not have planned the trip, but he exercised a degree of discretion in accepting to participate in the attempted transport of narcotics and in taking steps to accomplish it."

## I. The Universe of Participants

And here we are.  Due to today's circumscribed review, we direct the reader to Guía-Sendeme, 134 F.4th 611, for a comprehensive elucidation of the relevant background law, and give only a brief exposition to provide context for what informs our decision.

The mitigating role provision of the Sentencing Guidelines authorizes the district court to reduce a defendant's offense level when the defendant is a minor or minimal participant in the relevant criminal activity.  See U.S.S.G. §§ 3B1.2(a) - (b). These reductions can be "a four-point reduction if he is a minimal participant; a two-point reduction if he is a minor participant; and a three-point reduction if his culpability falls somewhere between minimal and minor."  Walker, 89 F.4th at 185 (citing U.S.S.G. § 3B1.2).  It is the defendant who "bears the burden of proving, by a preponderance of the evidence, that he is entitled to [a mitigating role adjustment]."  Arias-Mercedes, 901 F.3d at 5 (quoting United States v. Pérez, 819 F.3d 541, 545 (1st Cir. 2016)).  To determine whether a defendant has met this burden, we have explained that the district court must engage in a four-part analysis.  See Guía-Sendeme, 134 F.4th at 617 (explaining in detail that a sentencing court must: (1) identify the universe of participants involved in the relevant criminal activity; (2) order each participant along a continuum of culpability; (3) identify

the average participant across all likely participants; and (4) compare the defendant's role in the criminal activity to the average participant's role).

While a district court must walk through all four parts of the requisite analysis, we cabin our decision within the first step (identifying the universe of participants involved in the relevant criminal activity) due to its relevance to Flores's appeal and the intervening case law since his sentencing. For this first step, we've offered guidance on ascertaining participants. The sentencing court must identify the "relevant conduct as a whole," a legal determination requiring a court to identify the "scope of the conduct for which the defendant is being held accountable." Guía-Sendeme, 134 F.4th at 622 (quoting Arias-Mercedes, 901 F.3d at 6, 7). Next, the court conducts an "invariably fact-specific inquiry" in order "to identify the universe of participants involved in the particular conduct." Id. (citation and quotation marks omitted). Although a "participant" is someone "who is criminally responsible for the commission of the offense," she "need not have been convicted." Arias-Mercedes, 901 F.3d at 6 (quoting U.S.S.G. § 3B1.1 cmt. n.1). Furthermore, a "participant" and their involvement in the crime must be identifiable or discernible from the record. See id. at 7 (quoting United States v. Rodríguez De Varón, 175 F.3d 930, 944 (11th Cir. 1999)).

Guía-Sendeme makes clear that district courts "must compare the defendant against all likely participants involved" with the particular shipment of drugs for which the defendant can be held responsible, "including those involved with the shipment's preparation and efforts to avoid detection." See 134 F.4th at 620 (citations omitted).[5]

Based on Guía-Sendeme and the Sentencing Guidelines, a review of the record suggests the district court, when it undertook its mitigating role analysis, focused too narrowly on the steps Flores himself took in bringing this particular shipment of drugs through the airport (i.e., the steps Flores took in furtherance of the relevant criminal activity) without considering the broader universe of reasonably discernible participants who "planned the trip." For instance, the average participant calculus might perhaps have included those who procured the narcotics in the suitcase and the person in Philadelphia scheduled to receive the shipment.[6] To be clear, this is not to say the district court

---

[5] In the context of Guía-Sendeme, this meant the district court there should not have based its average participant calculation merely on the individuals caught aboard a boat full of drugs. See 134 F.4th at 620. Rather, the court needed to consider "those who helped recruit other participants, loaded and unloaded the drugs on and off the vessel, and monitored for law enforcement" when making its mitigating role determination. Id.

[6] The government's argument on appeal that "[t]here is no reason to think that the district court excluded those [additional participants]" from its analysis lacks support. At sentencing, the only reference to any other individuals involved in the

- 8 -

should assess a mitigating role adjustment "based on suppositions woven entirely out of gossamer strands of speculation and surmise." Arias-Mercedes, 901 F.3d at 7 (citations omitted). Rather, on remand, the district court must "consider[] the record evidence to determine whether there were other discernable participants in the drug shipment." Guía-Sendeme, 134 F.4th at 623; see also Gastronomical Workers Union Loc. 610 v. Dorado Beach Hotel Corp., 617 F.3d 54, 66 (1st Cir. 2010) (vacating and remanding when intervening precedent clarified a mode of analysis, meaning the district court, without the benefit of that new case, "did not engage in the requisite analysis").

## II. Final Thoughts

A final coda before signing off. Flores persuasively argues on appeal that the district court, in determining whether Flores was eligible for a mitigating role adjustment, faltered at other steps of the requisite analysis -- like when it failed to gauge the five culpability factors outlined in U.S.S.G. § 3B1.2 cmt. n.3(C). The purpose of these five factors is to ultimately measure a defendant's culpability against that of the average

---

conspiracy is the court's remark that "Mr. Flores might not have planned the trip." Therefore, with no discussion undertaken as to these or any other participants in the requisite universe-of-participants calculus, the government's position on this does not alter our conclusion that "we do not have enough information about the district court's rationale for denying the reduction." Walker, 89 F.4th at 186.

participant who took part in the criminal activity.  See Guía-Sendeme, 134 F.4th at 618; see also Walker, 89 F.4th at 187 ("An evaluation of these factors does not require extensive analysis but it does require both a judgment about the defendant's own conduct and a comparison to the other participants.").  Indeed, says Flores, the district court here neglected to consider all five culpability factors and compare his actions to the actions of other participants.[7]

But because we've already identified an error that warrants remand, we need not weigh in on this or any other remaining aspect of the appellate asseverations before us today.  See generally Fawcett v. Citizens Bank, N.A., 919 F.3d 133, 140 (1st Cir. 2019) ("When 'it is not necessary to decide more, it is necessary not to decide more.'" (quoting PDK Labs. Inc. v. U.S. D.E.A., 362 F.3d 786, 799 (D.C. Cir. 2004))).

## CONCLUSION

For the reasons explained above, the district court erred as a matter of law when it assessed Flores's eligibility for a mitigating role adjustment.  Accordingly, we vacate the sentence

---

[7] For example, U.S.S.G. § 3B1.2 cmt. n.3(C)(iii) asks a court to consider "the degree to which the defendant exercised decision-making authority," and Flores argues the court never considered this aspect of the mitigating role analysis. Furthermore, Flores emphasizes he did not exercise even a "modicum" of decision-making authority, but rather he decided to participate in the conspiracy and merely followed the instructions of his co-conspirators from there.

and <u>remand</u> to the district court for further proceedings consistent with this opinion.