# United States Court of Appeals
## For the First Circuit

No. 16-2350

UNITED STATES OF AMERICA,

Appellee,

v.

ADOLFO DE LA CRUZ-GUTIÉRREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

George F. Gormley, Stephen Super and George F. Gormley, P.C.,
on brief for appellant.
Francisco A. Besosa-Martínez, Assistant United States
Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, on brief for appellee.

January 31, 2018

**TORRUELLA**, **Circuit Judge**.  Defendant-appellant Adolfo De la Cruz-Gutiérrez ("De la Cruz") pled guilty to possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and importation of five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B).  The district court sentenced him to a 120-month term of imprisonment, in the middle of his United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") imprisonment range.  De la Cruz now appeals, challenging the district court's denial of a mitigating role adjustment under U.S.S.G. § 3B1.2, and the substantive reasonableness of his sentence.  After careful consideration, we affirm.

## I.  Factual Background

Because De la Cruz pled guilty, our discussion of the relevant facts draws from the change-of-plea colloquy, the unchallenged portions of the Presentence Investigation Report ("PSR"), and the transcript of the sentencing hearing.  See United States v. Fernández-Santos, 856 F.3d 10, 14 n.1 (1st Cir. 2017).

On January 7, 2016, Border Patrol agents responded to information they had received regarding drug-smuggling activity at a beach in Isabela, Puerto Rico.  There, the agents discovered an abandoned twenty-two-foot fiberglass vessel with a single sixty

horsepower outboard motor. In close proximity to the vessel, the agents observed De la Cruz, a Venezuelan national and resident of the Dominican Republic, who had worked for several years as a fisherman, attempting to flee the scene. The agents detained De la Cruz and searched the backpack he was carrying, which revealed two cell phones, a global positioning system ("GPS"), and cocaine. Agents from several law enforcement agencies searched the beach and found five bales of cocaine hidden in the nearby brush, weighing 153.78 kilograms in total. Its estimated value was $10,848,859.74. During a post-arrest interview, De la Cruz admitted that he traveled from the Dominican Republic to Puerto Rico to smuggle the cocaine. According to De la Cruz, he traveled with two other individuals (one of them known as "Tin"),[1] all three individuals took turns navigating the vessel,[2] and he was offered $20,000 for his role in the trip.

---

[1] The two individuals allegedly traveling with De la Cruz were not apprehended. De la Cruz told law enforcement that both of them drowned during the trip from the Dominican Republic to Puerto Rico. The record is devoid of any evidence corroborating De la Cruz's statement.

[2] In this interview, De la Cruz stated that he had been hired as a captain. When faced with the possibility of receiving a two-level sentencing enhancement for his role as a captain under U.S.S.G. § 2D1.1(b)(3)(C), De la Cruz recanted his prior statement and, instead, claimed that Tin was the captain, and that he had recruited De la Cruz "to engage in any task required of him."

De la Cruz was indicted on January 13, 2016, for possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and importation of five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B). De la Cruz pled guilty to both counts of the indictment. After a series of procedural events -- including the issuance of a PSR, De la Cruz's objections to some aspects of the PSR, the issuance of an amended PSR and an addendum to the PSR, as well as De la Cruz's filing a sentencing memorandum[3] -- De la Cruz filed a motion requesting that the district court grant him a three-level reduction for his role in the offense.[4]  In his motion, De la Cruz alleged that he was entitled to a three-level reduction under U.S.S.G. § 3B1.2 -- as opposed to the two-level reduction the probation officer had proposed in the amended PSR -- because his participation in the criminal activity was less than that of a minor participant (although not minimal).  The government responded that it would defer to the court's discretion because, "based on the totality of the evidence collected at the scene and

[3]  Because, in general, these issues are not relevant to the present appeal, we do not delve into them.

[4]  De la Cruz's motion included another issue not relevant to this appeal.

-4-

the post arrest statements of [De la Cruz, it did] not have enough information to determine if [De la Cruz] was a minor participant in the smuggling venture."  On October 6, 2016, the district court denied De la Cruz's motion as to the mitigating role adjustment. The court determined that De la Cruz was not even eligible for the two-level minor role reduction that the probation officer had recommended.  In essence, the district court concluded that the record before it contained "no factual basis to justify classifying [De la Cruz] as a minor participant versus the participation of the other two persons who he claims accompanied him in the smuggling venture."  To the contrary, according to the court, the record reflected that all three participants, including De la Cruz, were no "ordinary mules but, rather, persons of trust within the organization."

The sentencing hearing took place on October 13, 2016. There, De la Cruz renewed his request for a mitigating role adjustment.  After the district court stated that it would not award the adjustment, De la Cruz argued for a downwardly variant sentence "to what would have been [his] sentence had the Court granted the role adjustment."  The district court then calculated De la Cruz's Guidelines sentencing range ("GSR").  It determined that De la Cruz's base offense level was thirty-six under U.S.S.G. § 2D1.1(c)(2) because the offense involved "the possession and

importation of at least 150 kilograms but less than 450 kilograms of cocaine." The court granted a two-level reduction because De la Cruz complied with the provisions in 18 U.S.C. §§ 3553(f)(1)-(5) and U.S.S.G. §§ 5C1.2(a)(1)-(5) (the safety valve). Finally, it granted a three-level reduction pursuant to U.S.S.G. §§ 3E1.1(a) and (b) due to De la Cruz's acceptance of responsibility, resulting in a total offense level of thirty-one. This, in conjunction with De la Cruz's criminal history category of I, yielded a GSR of 108 to 135 months of imprisonment.

The court then addressed De la Cruz's request for a variant sentence. In so doing, it considered the 18 U.S.C. § 3553(a) sentencing factors, emphasizing De la Cruz's personal history and characteristics, including his status as a first offender, and the nature of the offense. Ultimately, the court denied De la Cruz's request for a downwardly variant sentence and sentenced De la Cruz to 120 months of imprisonment, in the middle of the GSR. This timely appeal followed.

## II. Discussion

### A. Procedural Reasonableness of De la Cruz's Sentence

We review preserved challenges to the reasonableness of a sentence "under a deferential abuse-of-discretion standard." United States v. Battle, 637 F.3d 44, 50 (1st Cir. 2011) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). Under this

deferential standard, "we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Coleman, 854 F.3d 81, 84 (1st Cir. 2017) (quoting United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011)). Procedural errors include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." United States v. Reyes-Rivera, 812 F.3d 79, 86 (1st Cir. 2016) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). In the course of determining whether the district court committed procedural error, "we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion." United States v. González-Rodríguez, 859 F.3d 134, 137 (1st Cir. 2017) (quoting United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015)).

De la Cruz argues that, by failing to grant him a minor role reduction, the district court improperly calculated his GSR and, thus, his sentence is procedurally unreasonable. De la Cruz

now presses for a two-level minor role reduction, instead of the three-level reduction he requested below.

The Guidelines allow a court to award a two-level reduction to a defendant who was a minor participant in the criminal activity in question.[5] U.S.S.G. § 3B1.2. In the past, we have required a defendant seeking a minor role reduction to prove by a preponderance of the evidence that he was "both less culpable than his cohorts in the particular criminal endeavor and less culpable than the majority of those within the universe of persons participating in similar crimes." United States v. Trinidad-Acosta, 773 F.3d 298, 315-16 (1st Cir. 2014) (quoting United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004)). Effective November 1, 2015, Amendment 794 to the Guidelines adopted a more lenient approach, then-followed by the Seventh and Ninth Circuits. Per that amendment, "when determining mitigating role, the defendant is to be compared with other participants 'in the criminal activity'" and not with the typical offender. U.S.S.G. App. C Supp., Amend. 794 (effective Nov. 1, 2015). Although De

---

[5] The Guidelines also provide for a four-level reduction to a defendant whose participation in the criminal activity was minimal, and a three-level reduction if the defendant's participation was between minor and minimal. See U.S.S.G. § 3B1.2.

la Cruz embraced the two-part test in his opening brief, his challenge fails even under Amendment 794's more lenient standard.

Because determining one's role in an offense is a fact-specific inquiry, "we rarely reverse a district court's decision regarding whether to apply a minor role adjustment." United States v. Bravo, 489 F.3d 1, 11 (1st Cir. 2007) (citing United States v. Tom, 330 F.3d 83, 95 (1st Cir. 2003)); see also United States v. Pérez, 819 F.3d 541, 546 (1st Cir. 2016) ("[B]attles over a defendant's status . . . will almost always be won or lost in the district court." (second alteration in original) (quoting United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995))). A defendant will "only prevail on appeal by demonstrating that the district court's determination as to his role in the offense was clearly erroneous." United States v. González-Soberal, 109 F.3d 64, 74 (1st Cir. 1997) (quoting United States v. López-Gil, 965 F.2d 1124, 1131 (1st Cir. 1992)). De la Cruz cannot meet that burden.

De la Cruz alleges that the district court's denial of a mitigating role adjustment was clearly erroneous because, although "[h]e played a role," it was "not one that made him any more valuable or essential -- or culpable -- than any other crewmember." De la Cruz further argues that the district court's decision not to impose a sentencing enhancement for "captain" under

U.S.S.G. § 2D1.1(b)(3)(C) "was an acknowledgement that even if [he] operated the boat[,] he was clearly not in charge." Because he was not in charge, his argument goes, someone else (he claims it was Tin) was more culpable than him and thus it was clearly erroneous for the district court to deny him a mitigating role adjustment.

De la Cruz's argument fails for several reasons. First, De la Cruz seems to believe that he is entitled to a minor role reduction as long as he was not a more culpable participant. Yet, this is simply not the standard. To be entitled to the role reduction, De la Cruz had to prove that he was <u>less</u> culpable than his cohorts. Merely not being more culpable than his cohorts falls short of meeting the standard. <u>See</u> <u>Bravo</u>, 489 F.3d at 11 (affirming denial of role reduction where, despite being crewmembers and not the captain, defendants failed to demonstrate that any of them were less culpable than the other crewmembers). De la Cruz's concession before the district court that "[a] third individual also performed a role substantially similar to [De la Cruz]" makes evident that he did not meet his burden and thus defeats his claim. Second, assuming as true that someone else, and not De la Cruz, was the captain of the vessel, it does not necessarily follow that De la Cruz and the captain were not "equal partners in the criminal activity." <u>See</u> <u>Pérez</u>, 819 F.3d at 545-46

-10-

(holding that the fact that Pérez's co-defendant "was deemed the 'captain' of the craft does not undermine the sentencing court's finding that they were equal partners in the criminal activity" (citing Bravo, 489 F.3d at 11)). Third, the fact that someone else might have been more culpable than De la Cruz does not necessarily mean that De la Cruz's participation was minor. See United States v. García-Ortiz, 657 F.3d 25, 29-30 (1st Cir. 2011) ("The fact that some other accomplice may be more culpable than the defendant does not necessarily mean that the defendant's role in the offense is minor."); see also United States v. Meléndez-Rivera, 782 F.3d 26, 29 (1st Cir. 2015) (noting that "a defendant need not be the key figure in a conspiracy in order to be denied [a role reduction]").

Likewise, De la Cruz's comparison of his role in the criminal activity to that of a "'mule'-- who does little more than knowingly transport drugs during one leg of the trip," leads him nowhere. The district court expressly rejected this characterization as an ordinary mule and De la Cruz has failed to show that this determination was clearly erroneous. Based on the record before it -- including De la Cruz's participation in a multimillion dollar smuggling venture involving bringing more than $10,000,000-worth of cocaine aboard a small vessel with a single outboard motor for a hazardous voyage at sea -- the district court

reasonably inferred that De la Cruz was no "Johnny-come-late[ly]" or an ordinary mule, but rather that he, as well as his cohorts, were "persons of trust within the organization." Although De la Cruz does not agree with the inferences the district court drew, and provides alternate explanations, where, as here, the record supports at least two permissible inferences, "the sentencing court's choice among supportable alternatives cannot be clearly erroneous." Pérez, 819 F.3d at 546 (finding no clear error in the district court's denial of a mitigating role adjustment where the district court "mentioned the large quantity of drugs, the trust that the drug owners obviously placed in the appellant, and the appellant's expertise in 'how to handle the boat'"); United States v. Vargas, 560 F.3d 45, 51 (1st Cir. 2009) (noting that the "large quantity of drugs hauled by the appellant . . . was a relevant datum in assessing [the defendant's] role in the conspiracy"). Furthermore, De la Cruz's attempt to minimize his role is undermined by his concession that "[a]ll three participants took turns 'navigating'" the vessel, that they all "look[ed] at the GPS" and partook in steering the vessel, and "that one or both of the other participants took a turn steering" the vessel when De la Cruz became tired.

In any event, even if De la Cruz had been an ordinary mule, our precedent is clear that merely being a courier does not

automatically entitle a defendant to a mitigating role adjustment.
See Vargas, 560 F.3d at 51 (noting that couriers are not automatically entitled to mitigating role adjustments, that "[s]ome couriers are more central to the plot than others," and that "[a] defendant who participates in only one phase of a conspiracy may nonetheless be found to play a non-minor role"); United States v. De La Cruz, 249 F. App'x 833, 835 (1st Cir. 2007) (upholding denial of minor role reduction where defendant's role "was limited 'to aid[ing] in the transportation of drugs from one point to the other'" (alteration in original)); González-Soberal, 109 F.3d at 73 (noting that couriers are not automatically entitled to a reduction).

In light of the above, we conclude that the district court's denial of a mitigating role adjustment was not clearly erroneous.

**B. Substantive Reasonableness of De la Cruz's Sentence**

In his other claim of error, De la Cruz challenges the substantive reasonableness of his sentence.  Although De la Cruz did not preserve this claim below, because the standard of review for unpreserved challenges to the substantive reasonableness of a sentence is murky, we assume -- favorably to him -- that our review is for abuse of discretion.  See Ruiz-Huertas, 792 F.3d at 228.

A sentence is substantively reasonable if it rests on "a plausible sentencing rationale and a defensible result." Martin, 520 F.3d at 96. Successfully challenging the substantive reasonableness of a sentence is a heavy burden that "grows even heavier where, as here, the sentence falls within a properly calculated GSR." United States v. Cortés-Medina, 819 F.3d 566, 572 (1st Cir. 2016) (citing Clogston, 662 F.3d at 592-93); see also United States v. Llanos-Falero, 847 F.3d 29, 36 (1st Cir. 2017) (noting that within-the-Guidelines sentences "deserve[] 'a presumption of reasonableness'" (quoting Cortés-Medina, 819 F.3d at 572)). De la Cruz has failed to carry his heavy burden.

De la Cruz concedes that he was awarded safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, and that the district court appropriately considered this when calculating his GSR, resulting in a lower applicable GSR. He claims, however, that by sentencing him to 120 months of imprisonment, which would have been his statutory minimum term had he not qualified for safety valve relief, the district court "arbitrarily nullified" the "benefit" of the safety valve and imposed a substantively unreasonable sentence.

The safety valve provision of 18 U.S.C. § 3553(f) requires a court to disregard an applicable mandatory sentence if the court finds at sentencing that the defendant meets the five

-14-

specified criteria, none of which are at issue here.  See 18 U.S.C. §§ 3553(f)(1)-(5).  Its purpose is to "'mitigate the harsh effect of mandatory minimum sentences' on first-time, low-level offenders in drug trafficking schemes."  United States v. Padilla-Colón, 578 F.3d 23, 30 (1st Cir. 2009) (quoting United States v. Ortiz-Santiago, 211 F.3d 146, 150 (1st Cir. 2000)).  In addition, the Guidelines provide for a two-level reduction in the offense level of a defendant that qualifies for safety valve relief.  See U.S.S.G. §§ 2D1.1 and 5C1.2.

De la Cruz's contention that the district court disregarded the safety valve relief and imposed the statutory minimum sentence is belied by the record.  Here, the district court explicitly found at sentencing that De la Cruz qualified for safety valve relief under 18 U.S.C. § 3553(f), and applied a two-level reduction to the GSR calculation, which lowered De la Cruz's GSR to 108 to 135 months of imprisonment.[6]  The record reflects that the district court did not consider itself constrained by the statutory minimum of 120 months of imprisonment.  On the contrary, it was aware that it could impose a guideline or variant sentence.  In fact, the district court considered De la Cruz's request for a variant sentence, but ultimately denied it.

---

[6]  Had the safety valve relief not applied, De la Cruz's GSR would have been 135 to 168 months of imprisonment.

The record clearly shows that, in determining De la Cruz's sentence, the district court considered all the § 3553(a) sentencing factors and concluded, based on these factors, that a mid-range sentence was warranted. That the mid-range sentence turned out to coincide with what would have been the minimum sentence had the safety-valve relief not applied is inconsequential in light of the entire record, which lacks a single reference (explicit or implicit) indicating that the district court considered itself bound by, or that it relied on, a mandatory minimum sentence.

De la Cruz does not dispute that, in determining his sentence, the district court considered all the factors listed in 18 U.S.C. § 3553(a). See Clogston, 662 F.3d at 592 (noting that where, as here, the district court states that it has considered all of the § 3553(a) factors, "[s]uch a statement 'is entitled to some weight'" (quoting United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010))). He argues, however, that even though the district court emphasized some of the sentencing factors -- such as the nature and characteristics of the offense and his personal history and characteristics -- it "had no intention of allowing" De la Cruz's personal characteristics to "impact the sentence" and, instead, focused primarily on the nature of the offense (including the amount of drugs involved, worth over

$10,000,000). De la Cruz's argument thus goes to how the district court weighed the sentencing factors. And we have repeatedly held that "[a] criminal defendant is entitled to a weighing of the section 3553(a) factors that are relevant to his case, not to a particular result." Dávila-González, 595 F.3d at 49 (alteration omitted) (quoting United States v. Carrasco-De-Jesús, 589 F.3d 22, 29 (1st Cir. 2009)). Nor is the sentence unreasonable because the district court elaborated upon some factors more than others, especially where, as here, it imposed a within-the-range sentence. See United States v. Murphy-Cordero, 715 F.3d 398, 402 (1st Cir. 2013) ("[A] within-the-range sentence typically requires a less elaborate explanation than a variant sentence.").

Lastly, De la Cruz compares his case to United States v. Torres-Rivera, 661 F. App'x 727 (1st Cir. 2016), in what seems to be an attempt to argue sentencing disparity. In Torres-Rivera, the defendant was also convicted of a drug offense and qualified for safety-valve relief. Id. at 728-29. De la Cruz notes that Torres-Rivera was also sentenced to 120 months of imprisonment, and appears to argue that receiving the same sentence as Torres-Rivera was unreasonable because, unlike Torres-Rivera, he "had no managerial duties," he "was involved in one incident only," and he "had no duties regarding the money [that others] . . . expected to glean from selling the cocaine." But De la Cruz's argument is

-17-

inapposite. De la Cruz is not similarly situated to Torres-Rivera, whose GSR was 87 to 108 months of imprisonment, id. at 729, lower than De la Cruz's. By sentencing Torres-Rivera to 120 months, id., the district court upwardly departed from the Guidelines and thus treated Torres-Rivera more harshly in relation to his GSR than De la Cruz, who received a mid-range sentence. See United States v. Bedini, 861 F.3d 10, 21 (1st Cir. 2017) (noting that "'[a] well-founded claim of disparity' must compare 'apples . . . to apples'" (alterations in original) (quoting United States v. Mateo-Espejo, 426 F.3d 508, 514 (1st Cir. 2005))).

Because we find that Appellant's mid-range sentence was within the universe of reasonable and defensible sentences, United States v. Torres-Landrúa, 783 F.3d 58, 69 (1st Cir. 2015), we reject De la Cruz's substantive reasonableness challenge.

### III. Conclusion

In sum, the district court did not clearly err in denying De la Cruz a minor role adjustment, and his sentence was substantively reasonable. We thus affirm his sentence.

**Affirmed.**