# United States Court of Appeals
## For the First Circuit

No. 17-1757

UNITED STATES OF AMERICA,

Appellee,

v.

FRANCISCO REYES-GOMEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Stahl, and Lipez,
Circuit Judges.

Mariángela Tirado-Vales on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and B. Kathryn Debrason, Assistant United
States Attorney, on brief for appellee.

June 11, 2019

**LIPEZ**, **Circuit Judge**.  Defendant Francisco Reyes-Gomez claims on appeal that the sentence imposed by the district court was substantively unreasonable.  Although the sentencing judge found that Reyes-Gomez qualified for the safety valve exception to the 120-month mandatory minimum sentence, he nonetheless imposed a 135-month term of imprisonment.  We affirm.

## I.

Reyes-Gomez pled guilty to conspiracy to import a controlled substance (Count One), 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B), 963, and unlawful entry into the United States (Count Five), 8 U.S.C. § 1325(a)(1).  He faced a 120-month mandatory minimum term of imprisonment for Count One.

Reyes-Gomez and the government entered into a plea agreement, which included the following "Sentence Recommendation" provision:

> After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties reserve the right to recommend a sentence [of] 120 months for COUNT ONE.  For COUNT FIVE, the parties will recommend a sentence of six months to run concurrent with the sentence imposed in COUNT ONE.
> **NOTE**: The defendant recognizes that COUNT ONE carries a statutory minimum sentence of one hundred twenty (120) months.

The plea agreement also contained a waiver-of-appeal provision:

> The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is

- 2 -

sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

The parties subsequently agreed to a plea agreement supplement, which stated, in relevant part:

> The provisions in this Plea Agreement Supplement override any conflicting provisions in the Plea Agreement.
>
> . . . [I]f the defendant complies with the requirements of [U.S.S.G.] 5C1.2 and 18 [U.S.C. §] 3553(f), and is deemed otherwise eligible, the statutory minimum would not apply and the offense level would be subject to an additional two level reduction for an adjusted offense level of 31. In that case, the parties would be free to recommend a sentence within the applicable guideline range for a total offense level [of] 31 when combined with the defendant's criminal history category as determined by the Court.

The law referenced in the plea agreement supplement is the so-called "safety valve" provision of the sentencing statute. The safety valve allows a defendant to avoid a mandatory minimum sentence and reduces the defendant's total offense level when the defendant satisfies certain mitigating factors.[1] See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

---

[1] Under the then-effective version of the statute, the § 3553(f) factors were:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a

- 3 -

At the sentencing hearing, the district court found that Reyes-Gomez qualified for the § 3553(f) safety valve provision. The court accordingly determined that the 120-month mandatory minimum did not apply and reduced the defendant's total offense level to 31. Adopting the presentence report's recommended criminal history category of I, the district court determined that the guidelines sentence range was 108 to 135 months. The defendant asked for a sentence of 108 months, and the government asked for 120 months, as it said that it would do in the "Sentence Recommendation" provision of the plea agreement.

---

firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The court imposed a sentence of 135 months for Count One and six months to run concurrently for Count Five. The court reasoned that the offense involved significant planning and a large quantity of drugs, which demonstrated the drug trafficking leaders' trust in the defendant. The court also noted that documents relating to Reyes-Gomez's prior drug possession arrest in the Dominican Republic indicated that he "was engaged in other drug smuggling ventures" and was "not a newcomer to this type of activity." This appeal followed.[2]

## II.

Reyes-Gomez claims that his 135-month sentence was substantively unreasonable. He argues that a sentence above the 120-month mandatory minimum undermines the purpose of the safety valve and that the court's reasoning for imposing his sentence was flawed.

### A. Standard of Review

We have not yet resolved the question of what standard of review applies to an unpreserved claim of substantive unreasonableness in sentencing. United States v. Márquez-García, 862 F.3d 143, 147 (1st Cir. 2017); see also United States v. Ruiz-

---

[2] We bypass the waiver-of-appeal argument raised by the government because this case is easily resolved against the defendant on the merits. See United States v. Mangual-Rosado, 907 F.3d 107, 110 (1st Cir. 2018); United States v. Díaz-Rodríguez, 853 F.3d 540, 543-44 (1st Cir. 2017).

Huertas, 792 F.3d 223, 228 (1st Cir. 2015) (noting that six out of the seven circuits that had examined the issue held that a substantive reasonableness claim need not be preserved).[3]  So, as we have done before, we "skirt this murky area, [and] assume, favorably to the appellant that the abuse-of-discretion standard applies."  Márquez-García, 862 F.3d at 147.  Substantive reasonableness thus hinges on whether the sentencing rationale is "plausibly reasoned and resulted in a defensible outcome."  United States v. Alejandro-Rosado, 878 F.3d 435, 440 (1st Cir. 2017).

We also note that "[a] challenge directed at substantive reasonableness is usually a heavy lift, and reversal is 'particularly unlikely when . . . the sentence imposed fits within the compass of a properly calculated [guideline sentencing range].'"  Ruiz-Huertas, 792 F.3d at 228–29 (quoting United States v. Vega–Salgado, 769 F.3d 100, 105 (1st Cir. 2014)).  Because Reyes-Gomez's 135-month sentence was within the uncontested guidelines range, his appeal must overcome this formidable hurdle.

## B.  Mitigating Purpose of the Safety Valve

Reyes-Gomez contends that once the district court concluded that he qualified for the safety valve, and he thereby

---

[3] The Supreme Court recently granted certiorari on the question of "[w]hether a formal objection after pronouncement of sentence is necessary to invoke appellate reasonableness review of the length of a defendant's sentence."  Holguin-Hernandez v. United States, No. 18-7739 (June 3, 2019).

avoided application of the 120-month mandatory minimum sentence, it was unreasonable for the district court to impose a guidelines sentence above the mandatory minimum. Such a sentence, he argues, is incompatible with the purpose of the safety valve "to 'mitigate the harsh effect of mandatory minimum sentences' on first-time, low-level offenders in drug trafficking schemes." United States v. Padilla-Colón, 578 F.3d 23, 30 (1st Cir. 2009) (quoting United States v. Ortiz-Santiago, 211 F.3d 146, 150 (1st Cir. 2000)).

As we observed in Padilla-Colón, however, Congress assumed that the beneficiaries of the safety valve would have guideline sentence ranges below the mandatory minimums. Id. at 30 n.3 (citing H.R. Rep. No. 103-460 (1994)). According to a House Report, members of Congress were motivated to create the safety valve by the phenomenon that

> sentence reductions for mitigating factors were available to the most culpable, [but] they did not operate to the benefit of the least culpable, whose guideline sentences already fell below the applicable mandatory minimums. In response, the House sought to exempt a 'narrow class' of drug defendants -- those least culpable -- from the mandatory-minimum sentencing scheme.

Id.

If the drug offense at issue involves a large quantity of drugs, as it does here, that assumption about the "least culpable" defendants does not apply. See United States v. De la Cruz-Gutiérrez, 881 F.3d 221, 227 (1st Cir. 2018) (finding a 120-

month sentence substantively reasonable where the defendant qualified for the safety valve but had a guidelines range of 108 to 135 months due to the amount of drugs involved). Reyes-Gomez accepted responsibility for 150 to 450 kilograms of cocaine. Before the safety valve applied, he faced a total offense level of 33, with a criminal history category of I, and a guidelines range of 135 to 168 months. Although the application of the safety valve eliminated the 120-month mandatory minimum sentence and reduced the applicable guidelines range to 108 to 135 months, the safety valve statute instructs courts to impose a sentence "pursuant to guidelines" and "without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). The defendant's argument that the application of the safety valve converted the mandatory minimum into a sentencing cap disregards that statutory instruction. Under the circumstances here, a within-guidelines sentence for a safety valve-qualifying defendant, even when the sentence exceeds the mandatory minimum, is a "defensible outcome."

## C. Alleged Reasoning Errors

Reyes-Gomez also contests the district court's stated reasoning for the sentence of 135 months. He argues that the court's inference that he had gained the trust of the leaders of the organization was unreasonable, given that the court also found that he was not a leader for the purposes of the safety valve. We disagree. The large quantity of drugs for which Reyes-Gomez

- 8 -

accepted responsibility permitted the district court to draw the inference that he, though not a leader of the organization, was trusted within the organization. See De la Cruz-Gutiérrez, 881 F.3d at 227 (holding that the sentencing court reasonably inferred that the defendant, who participated in a smuggling venture of more than 150 kilograms of cocaine on a hazardous voyage at sea, was a trusted person in the organization).

Reyes-Gomez also argues that the court unreasonably concluded that he had previously engaged in other drug smuggling ventures because the record did not indicate the drug quantity in his prior arrest in the Dominican Republic for drug possession. This argument misrepresents the uncontested information before the sentencing judge.

The operative second-amended presentence report ("PSR") stated that Reyes-Gomez and two other individuals were arrested in the Dominican Republic in 2010, following a pursuit at sea. Relying on certified documents provided by the U.S. Drug Enforcement Administration, the PSR stated that officials seized 14.38 pounds of marijuana that had been tossed from the arrestees' boat. Reyes-Gomez's counsel indicated at sentencing that he had received these documents, and he did not challenge them.

The district court is free to rely on conduct set forth in undisputed portions of the PSR at sentencing. It permissibly inferred from the large quantity of marijuana involved in this

prior possession charge, as indicated by the certified documents, that it was not for personal use.  See United States v. Mercer, 834 F.3d 39, 50 (1st Cir. 2016); cf. United States v. Marrero-Pérez, 914 F.3d 20, 22 (1st Cir. 2019) (holding that courts may not rely on an arrest without a conviction or other "independent proof of conduct").

Affirmed.